[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14518
Non-Argument Calendar

_____

D. C. Docket No. 06-00464-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT LEE WILLIAMS,
a.k.a. Rob 1,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 28, 2008)**

Before BIRCH, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Robert Lee Williams appeals his 235-month sentence, imposed after he pled guilty to (1) conspiracy to possess with the intent to distribute 50 grams or more of crack cocaine and a quantity of cocaine, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(iii) and (b)(1)(C) (count 1); (2) conspiracy to unlawfully use firearms in relation to drug trafficking crimes, 18 U.S.C. § 924(o) and 2 (count 2); and (3) possession with the intent to distribute 50 grams or more of crack cocaine and a quantity of cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) and (b)(1)(C) (count 4). Williams argues that the district court imposed a sentence that was greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a) when it sentenced him within an advisory guideline range that was calculated based on the application of a 100:1 crack cocaine-to-powder cocaine ratio. Williams asserts that, in light of the Supreme Court's ruling in Kimbrough v. United States, 552 U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), the district court abused its discretion by applying that ratio.

For the reasons set forth more fully below, we affirm Williams's sentence.

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). Unreasonableness may be procedural, when the court's procedure does not follow Booker's requirements, or substantive. See Gall v. United States, 552 U.S. ___,

128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). The Supreme Court has explained that a sentence may be procedurally unreasonable if the district court improperly calculates the guideline imprisonment range, treats the Guidelines as mandatory, fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. Gall, 552 U.S. at ___, 128 S.Ct. at 597. The Court also has explained that the substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. Id. It has suggested that review for substantive reasonableness under this standard involves inquiring whether the factors in 18 U.S.C. § 3553(a) support the sentence in question. Id. at ___, 128 S.Ct. at 600.

When imposing a sentence, the district court must first correctly calculate the Guidelines. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Second, the district court must consider the following factors to determine a reasonable sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to

3

avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Id. (citing 18 U.S.C. § 3553(a)). "[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Instead, indications in the record that the district court considered facts and circumstances falling within § 3553(a)'s factors will suffice. Id. at 1329-30.

We have recognized that "there is a range of reasonable sentences from which the district court may choose," and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We have held that a sentence within the guidelines range is neither per se reasonable, nor entitled to a presumption of reasonableness. See id. at 786-88; Hunt, 459 F.3d at 1185.

Williams does not challenge the procedural reasonableness of his sentence on appeal. Nevertheless, the record demonstrates that the district court correctly calculated the advisory guideline range, expressly considered the § 3553(a) factors, and sufficiently explained its reasons for imposing a 235-month sentence. See Gall, 552 U.S. at ___, 128 S.Ct. at 597.

4

As to the substantive reasonableness of his sentence, "[u]nder the statute criminalizing the manufacture and distribution of crack cocaine, 21 U.S.C. § 841, and the relevant Guidelines prescription, § 2D1.1, a drug trafficker dealing in crack cocaine is subject to the same sentence as one dealing in 100 times more powder cocaine." Kimbrough, 552 U.S. at ___, 128 S.Ct. at 564. In Kimbrough, the Supreme Court held that a district court may determine that "a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing," and in making that determination, the district court "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses." Id. at ___, 128 S.Ct. at 564. In so holding, the Supreme Court overruled our earlier opinion in United States v. Williams, 456 F.3d 1353, 1366 (11th Cir. 2006), which held that a district court may not consider the disparity between crack and cocaine when it imposes a sentence in a crack cocaine case. The Supreme Court also rejected the Fourth Circuit's reasoning that "'a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine.'" Kimbrough, 552 U.S. at ___, 128 S.Ct. at 564.

Here, the district court expressly considered the § 3553(a) factors in determining that a Guidelines sentence was appropriate and was not greater than necessary to comply with the purposes of sentencing. In Kimbrough, the Supreme

Court explained that a district court "<u>may</u> consider the disparity between the Guidelines treatment of crack and powder cocaine offenses," not that it must do so. 128 S.Ct. 558, 564 (emphasis added). Because "[t]he cocaine Guidelines, like all other Guidelines, are advisory only," <u>Kimbrough</u>, 128 S.Ct. at 564, the district court acted within its discretion to determine that a within-Guidelines sentence served the objectives of sentencing under § 3553(a). Nothing in either the decision of the Supreme Court in <u>Kimbrough</u> or our precedents required the district court to discuss the crack cocaine-to-powder cocaine disparity. See <u>Scott</u>, 426 F.3d at 1329. Accordingly, Williams has failed to establish that his sentence at the low-end of the advisory guideline range is substantively unreasonable.

In light of the foregoing, Williams's sentence is

**AFFIRMED.**